UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LAWRENCE RICHARD STEELE,

Petitioner,

v.

US PAROLE COMMISSION, et al,

Respondents.

Case No. 3:16-cv-05265-RBL-KLS

REPORT AND RECOMMENDATION

Noted for August 19, 2016

This matter comes before the Court on petitioner's petition for writ of *habeas corpus* under 28 U.S.C. § 2241, challenging the manner in which his sentence was calculated.[1] After reviewing respondents' answer and the relevant record, the undersigned recommends that the petition be dismissed with prejudice.

FACTUAL AND PROCEDURAL HISTORY

On July 16, 1992, petitioner was sentenced to a prison term of 21 year and was paroled on March 7, 2008.[2] On June 24, 2008, a warrant for his arrest for a parole violation was issued, but the warrant was not executed until July 26, 2010.[3] On January 4, 2011, the United States Parole Commission (USPC) issued a Notice of Action (NOA) ordering credit for time petitioner

---

[1] Dkt. 5.

[2] *Id.* at p. 15.

[3] *Id.* at pp. 10. 15.

REPORT AND RECOMMENDATION - 1

spent on parole, and a parole effective date of January 19, 2011.[4] The NOA also stated petitioner was credited with 25 months for time served prior to the warrant's execution.[5] On September 22, 2014, petitioner was sentenced to 732 days of prison time as a parole violator.[6]

On April 7, 2016, petitioner filed his petition, alleging he did not receive the 25-month credit he was due.[7] As a result, petitioner alleges his sentence was miscalculated, "caus[ing] him to serve a sentence beyond the statutory maximum 'full term date' for his crime of conviction."[8] Subsequently, he was "released from [Bureau of Prisons (BOP)] custody, via mandatory parole release, upon the completion of his parole violator sentence on June 10, 2016."[9] According to the BOP, petitioner "does not have any term of supervised release." "Instead, [his] parole eligibility is at the sole discretion of the" USPC.[10]

Respondents filed their response on June 16, 2010.[11] As the date for consideration of petitioner's petition has passed, and petitioner has not filed any reply to respondents' answer, this matter is now ripe for the Court's review.

<u>DISCUSSION</u>

"[P]etitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241."[12] Parole decisions such as sentence recalculations "are a facet of the execution of the sentence, rather than the imposition of the sentence," and therefore

---

[4] *Id.* at p. 16.

[5] *Id.*

[6] Dkt. 14-1, p. 2.

[7] *Id.* at pp. 6-7, 15.

[8] *Id.* at p. 7.

[9] Dkt. 14-1, p. 2.

[10] *Id.* at pp. 2-3.

[11] Dkt. 14.

[12] *Hernandex v. Campbell*, 204 F.3d 861, 864 (2000).

REPORT AND RECOMMENDATION - 2

are "cognizable under 28 U.S.C. § 2241."[13] Defendants argue, however, that because petitioner has been released on mandatory parole and has no term of supervised release to follow, there is no case or controversy and thus no basis for the Court's jurisdiction, and his petition is therefore moot. The undersigned agrees.

"The exercise of judicial power under Art[icle] III of the Constitution depends on the existence of a case or controversy."[14] "The rule in federal cases," furthermore, "is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed."[15] "A case becomes moot when 'it no longer present[s] a case or controversy,'" that is "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."[16] "The underlying concern is that, when the challenged conduct ceases such that 'there is no reasonable expectation that the wrong will be repeated, then it becomes impossible for the court to grant any effectual relief whatever to [the] prevailing party."[17]

"Failure to satisfy Article III's case-or-controversy requirement renders a habeas corpus petition moot."[18] "This means that, throughout the litigation, the [petitioner] must have suffered, or be threatened with, an actual injury traceable to the [respondents] and likely to be redressed by a favorable judicial decision."[19] A *habeas corpus* petition becomes moot, accordingly, "when the

---

[13] *Faulkner v. Pennsylvania Dept. of Corrections*, 221 F.Supp.2d 560, 562 (E.D. Pa. 2002); *see also Doganiere v. United States*, 914 F.2d 165, 169-70 (9th Cir. 1990); *Brown v. United States*, 610 F.2d 672, 677 (9th Cir. 1980).

[14] *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975).

[15] *Id.*; *see also Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997).

[16] *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (citations omitted); *Wilson v. Terhune*, 319 F.2d 477, 479 (9th Cir. 2003) (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)).

[17] *City of Erie*, 529 U.S. at 287 (internal quotation marks and citations omitted).

[18] *Mujahid v. Daniels*, 413 F.3d 991, 994 (9th Cir. 2005) (citing *Spencer*, 523 U.S. at 7).

[19] *Id.* (quoting *Spencer*, 523 U.S. at 7).

REPORT AND RECOMMENDATION - 3

petitioner's injury cannot be redressed by a favorable decision."[20] "An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction."[21] Such a petition, therefore, "is never moot simply because, subsequent to its filing, the petitioner has been released from custody."[22]

Once the petitioner's "sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole – some 'collateral consequence' of the conviction – must exist if the suit is to be maintained."[23] "[C]ollateral consequences flow from *any* criminal conviction because, [o]nce convicted, one remains forever subject to the prospect of harsher punishment for a subsequent offense as a result of federal and state laws that either already have been or may eventually be passed."[24]

"In contrast, however, there is no presumption of collateral consequences in regard to an improper but completed *sentence*."[25] This is because although "[i]n the context of criminal conviction, the presumption of significant collateral consequences is likely to comport with reality" – since "it is an 'obvious fact of life that most criminal convictions do in fact entail adverse collateral legal consequences" – "[t]he same cannot be said" in regard to the manner or

---

[20] *Johnson v. Swarthout*, 2013 WL 2151580, at *1 (E.D. Cal. May 16, 2013) (citing *Burnett v. Lampert*, 432 F.3d 996, 1000-01 (9th Cir. 2005)).

[21] *Spencer*, 523 U.S. at *7.

[22] *Wilson*, 319 F.3d at 479 (quoting *Chacon v. Wood*, 36 F.3d 1459, 1463 (9th Cir. 1994)).

[23] *Spencer*, 523 U.S. at *7.

[24] *Wilson*, 319 F.3d at 479-80 (citations and internal quotation marks omitted) (emphasis in original).

[25] *Johnson*, 2013 WL 2151580, at *1 (citing *United States v. Palomba*, 182 F.3d 1121, 1123 (9th Cir. 1999)) (emphasis added).

REPORT AND RECOMMENDATION - 4

execution of the sentence itself.[26]

The Supreme Court thus has declined, for example, to find the presumption extends to revocation of parole, where the petitioner "had already served his entire sentence, including the post-revocation portion."[27] In drawing this line, it "distinguished between 'substantial civil penalties' that result from a criminal conviction, such as the inability to engage in certain businesses, to serve as an official of a labor union, to vote in state elections, and to serve as a juror, and 'non-statutory consequences' that 'result from a finding that an individual has violated parole,' such that the effect on employment prospects or the sentence imposed in future criminal proceedings."[28] "The latter consequences are 'discretionary decisions' that 'are not governed by the mere presence or absence of a recorded violation,' but 'are more directly influenced by [ ] the underlying conduct that formed the basis for the parole violation.'"[29]

On the other hand, the Ninth Circuit has held that "a federal prisoner's challenge to the alleged miscalculation of his sentence and accompanying overincarceration . . . is not mooted by release from prison where the petitioner remains on supervised release and there is a possibility that the could receive a reduction in his term of supervised release."[30] A petitioner "remains in the custody of the United States while on supervised release."[31] Thus, "where a [petitioner] has received a sentence that includes a period of supervised release, a challenge to the length of his sentence of imprisonment is not moot" while on supervised release, "because the district court

---

[26] *Spencer*, 523 U.S. at 12 (quoting *Sibron v. New York*, 392 U.S. 40, 55 (1968)).

[27] *Id.* at 12-13; *Nonnette v. Small*, 316 F.3d 872, 876 (2002); *Palomba*, 182 F.2d at 1123.

[28] *Wilson*, 319 F.3d at 480 (quoting *Lane v. Williams*, 455 U.S. 624, 632 (1982)).

[29] *Id.* (quoting *Lane*, 455 U.S. at 632-33).

[30] *Johnson*, 2013 WL 2151580, at *2 (citing *Reynolds v. Thomas*, 603 F.3d 1144, 1148 (9th Cir. 2010)); *Mujahid*, 413 F.3d at 995).

[31] *Mujahid*, 413 F.3d at 994.

REPORT AND RECOMMENDATION - 5

has discretion regarding the length of supervised release, and can change the supervised release period."[32] That is, "[a] sentencing court's ability to reduce a supervised release term prevents a habeas petition from becoming moot."[33]

As noted above, petitioner filed his petition on April 7, 2016, but then was released from custody on mandatory parole upon completion of his parole violator sentence on June 10, 2016. He does not have any term of supervised release, and his parole eligibility is at the sole discretion of the USPC. Because petitioner has been released from prison, and because he is no longer is subject to a term of supervised release – and therefore there is no "possibility that the sentencing courts would exercise their statutory discretion . . . to reduce the term of supervised release if" he were successful in his petition – "the remedy sought, a restoration of [prison credit time], would serve no purpose."[34] As the Court thus "cannot grant [him] any meaningful relief," his petition is moot and accordingly should be dismissed on that basis.[35]

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court dismiss the petition for writ of *habeas corpus* with prejudice.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto.[36] Failure to file objections will result in a waiver of those

---

[32] *United States v. Allen*, 434 F.3d 1166, 1170 (9th Cir. 2006) (internal citation omitted); *see also United States v. Figueroa-Ocampo*, 494 F.3d 1211, 1216 (9th Cir. 2007).

[33] *Kuch v. Feather*, 2009 WL 4730888, at *4 (C.D. Cal. Dec. 3, 2009) (citing *Serrato v. Clark*, 486 F.3d 560, 565 (9th Cir. 2007); *Mujahid*, 413 F.3d at 994-95; *Gunderson v. Hood*, 268 F.3d 1149, 1153 (9th Cir. 2001)).

[34] *Garrett v. Marshall*, 2009 WL 3417786, at *2 (C.D. Cal. Oct. 20, 2009); *see also Johnson*, 2013 WL 2151580, at *2; *Nonnette*, 316 F.3d at 875.

[35] *Garrett*, 2009 WL 3417786, at *2; *see also Washington v. Scribner*, 2009 WL 462709, at *1 (E.D. Cal. Feb. 23, 2009); *Nonnette*, 316 F.3d at 875-76.

[36] 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (Fed. R. Civ. P.) 72(b); *see also* Fed. R. Civ. P. 6.

REPORT AND RECOMMENDATION - 6

1    objections for purposes of appeal.[37] Accommodating the above time limit, the Clerk shall set this

2    matter for consideration on **August 19, 2016**, as noted in the caption.

3        DATED this 1st day of August, 2016.

4

5

6

7                                                    Karen L. Strombom
                                                     United States Magistrate Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

---

[37] *Thomas v. Arn*, 474 U.S. 140 (1985).

REPORT AND RECOMMENDATION - 7